CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 30, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROMEO DEMETRI TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00482 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NURSE SHIELDS, | ) | By:    Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

Plaintiff Romeo Demetri Taylor, proceeding *pro se*, filed a civil-rights complaint under 42 U.S.C. § 1983 against Defendants Major Chad Kilgore, Nurse Shields, SWVRJA - Abingdon, SWVRJA - Medical, Richard Alsbrook, DeWayne Lockhart, and South West Virginia Regional Jail Association. (*See* ECF No. 1.) On October 21, 2205, Plaintiff voluntarily dismissed his claims against Defendants Kilgore, Alsbrook, Lockhart, SWVRJA - Abingdon, SWVRJA - Medical, and Southwest Virginia Regional Jail Association. (*See* ECF No. 7.) Only Plaintiff's claims against Defendant Shields remain.

On February 27, 2026, the court issued an order notifying Plaintiff that, although more than 21 days had passed since Shields was served with a copy of the summons and complaint, Shields had not filed a responsive pleading or sought to extend the time in which to file a responsive pleading. (*See* ECF No. 42). The court directed Plaintiff to Federal Rule of Civil Procedure 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (*Id.* at 1.) The court further noted that, despite Shields's failure to file a responsive pleading, Plaintiff had not yet requested that the

clerk enter default against her under Rule 55. (*Id.* at 1–2.) The court therefore ordered Plaintiff to file a response to the order showing why his claims against Shields should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.* at 2.) The court cautioned Plaintiff that his failure to file a response showing good cause for his failure to seek an entry of default within 30 days could result in the dismissal of his claims against Shields. (*Id.*)

More than 30 days have passed, and Plaintiff has not responded to the court's order, moved for an entry of default, or otherwise pursued his claims against Shields in any way. Accordingly, the court will dismiss Plaintiff's claims against Shields under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The court notes that this dismissal is without prejudice to Plaintiff's opportunity to refile his claims in a separate civil action, subject to the applicable statute of limitations.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 30th day of April, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE